# Exhibit C



805 King Farm Blvd, Rockville MD 20850 USA | Nasdaq.com

April 17, 2025

*Via E-mail (CBrust@rssblaw.com)*

Clayton P. Brust
Robison, Sharp, Sullivan & Brust
71 Washington St
Reno, Nevada 89503

Re: <u>In re Meta Materials, Inc., U.S. Bankruptcy Court Case No. 24-50792-hlb – Subpoena to Produce Documents and for Rule 2004 Examination</u>

Dear Mr. Brust:

The Nasdaq Stock Market, LLC ("Nasdaq") is in receipt of the subpoena in the above-referenced matter, dated April 8, 2025 (the "Subpoena"). The Subpoena requests from Nasdaq, a non-party, from September 21, 2020 through August 7, 2024, documents and testimony concerning "[a]ll messages relating to the processing of orders of any type for shares Meta and/or MMTLP using FIX or binary protocol or any other protocol used for similar purposes, in the original format the data was saved, including but not limited to client's MPID and short indicator marking, received by Nasdaq from a client broker-dealer of Nasdaq and sent by Nasdaq to a client broker-dealer of Nasdaq." We object to the Subpoena as seeking information that is not in Nasdaq's possession, custody, or control as well as imposing an unreasonable and undue burden on a non-party, and on the grounds set forth below.

1. We object to the Subpoena to the extent it imposes an undue burden on a non-party, and to the extent the Subpoena's requests are overly broad, unduly burdensome, or not proportional to the needs of the case. More specifically, we object to the Subpoena to the extent it (a) requests information that is not reasonably available from Nasdaq's current systems and is not within Nasdaq's custody or control, (b) requests information that is otherwise available from broker-dealers; and (c) provides an insufficient period of time for production. Nasdaq does not have the "messages" sought for "Meta and/or MMTLLP." In addition, MMTLP was not a Nasdaq-listed security at any point during the time frame requested, and MMAT was a Nasdaq-listed security only for a portion of the time frame requested—from June 28, 2021 until it was delisted on August 21, 2024.

2. We object to the Subpoena to the extent it does not identify the documents sought with sufficient particularity and is overbroad, unclear, vague and ambiguous.

Clayton P. Brust
April 17, 2025
Page 2

    3.    We object to the Subpoena to the extent it calls for the production of computer backup files, and of electronically stored information that is not reasonably accessible, because such requests are unduly burdensome.

We reserve the right to supplement these objections with further deficiencies or objections as appropriate. We remain available to meet and confer to discuss the Subpoena, and if you would like to discuss, please reach out to schedule a mutually convenient time for a call.

Sincerely,

*Joanne Pedone*

Joanne Pedone
Principal Associate General Counsel