**Ballard Spahr** LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Jacquelyn Schell
Tel: 646.446.8048
Fax: 212.223.1942
SchellJ@ballardspahr.com

October 24, 2025

*By Electronic Filing*

Hon. Jennifer H. Rearden
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *In re Meta Materials, Inc.*, Motion to Quash Non-Party Subpoena in Underlying Bankruptcy Case No. 3:24-50792-hlb (U.S. Bankruptcy Court for the District of Nevada)

Your Honor:

We represent The Nasdaq Stock Market LLC ("Nasdaq"), a non-party on which Christina Lovato, in her capacity as the Chapter 7 Trustee (the "Trustee") for Meta Materials, Inc. (the "Debtor"), served two subpoenas in the above-referenced bankruptcy proceeding (the "Subpoenas").

Pursuant to L.R. 37.2, we write in response to the Trustee's cross-motion requesting to transfer venue for Nasdaq's motion to quash the Subpoenas from this Court to the U.S. Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"). The Trustee's transfer request should be denied.

I.  **Background and Meet and Confer Certification**

On October 15, 2025, Nasdaq commenced the present action by filing its letter motion to quash the Subpoenas[1] in this Court, "the district where compliance is required." Fed. R. Civ. P.

---

[1] All capitalized terms are not defined herein are as defined in Nasdaq's October 15 letter to the Court initiating this miscellaneous action.

45(d)(3)(A). Pursuant to Your Honor's Individual Rules of Practice, Rule 3, I certify that the parties had engaged in earlier meet and confer exchanges, including one conference call, before Nasdaq initiated this Action, but those earlier exchanges had focused on the merits of the parties' disagreements and whether an accommodation could be reached. Relevant to this letter, on Friday, October 17, the Trustee requested that Nasdaq consent to transfer venue to the Bankruptcy Court, and on Monday, October 20 Nasdaq declined to consent. On October 20, 2025, the Trustee filed a response to Nasdaq's letter motion to quash the Subpoenas, which does not address Nasdaq's substantive legal arguments but instead requests a transfer of venue for Nasdaq's motion to quash from this Court to the Bankruptcy Court.

## II. Argument

Nasdaq respectfully requests that this Court deny the Trustee's request to transfer venue. This Court has jurisdiction over the enforcement of the Subpoenas because the Southern District of New York is "the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). Although the Trustee observes that she could separately move to enforce the Subpoenas against Nasdaq, the same jurisdictional rules would apply. Fed. R. Civ. P. 45(d)(2)(B)(i). There are no "exceptional circumstances" warranting a venue transfer. Fed. R. Civ. P. 45(f).

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). "[F]amiliarity with the case alone is insufficient to constitute exceptional circumstances." *Drummond Co., Inc. v. VICE Media LLC*, 21-MC-859 (AJN), 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022); *see also Cadence Pharmaceuticals, Inc. v. Multisorb Techs., Inc.*,

No. 16-mc-22g, 2016 WL 4267567, at *5 (W.D.N.Y. Aug. 15, 2016) ("[T]he issuing court always is familiar with the proceeding before it and that by itself is not exceptional.").

### a. The Trustee Did Not Move to Transfer Non-Party Motions to Quash.

In addition to Nasdaq's motion to quash its Subpoenas, there are two other pending motions to quash subpoenas issued by the Trustee to third parties. One of those non-party motions was filed in the Bankruptcy Court, where the three moving non-parties elected that venue. The one other motion was filed in the U.S. District Court for the District of Columbia, where the Trustee has not filed a motion to transfer venue; rather, the Trustee filed a forty-three-page substantive opposition that includes a one-sentence request for alternative relief: "In the alternative, the Trustee requests that this Court transfer this matter back to the Bankruptcy Court from which the Subpoenas were issued, for the Bankruptcy Court to hear and resolve FINRA's Motion to Quash." (Dkt. 5 Resp. at Ex. D, pp. 17, 43). Thus, the non-party subpoena matters will already be decided by different districts, and the Trustee should not be permitted to cherry pick certain Districts as acceptable to it, while otherwise requesting transfer.[2]

### b. Non-Party Motions to Quash Involve Different Issues of Law.

The arguments raised by Nasdaq in its letter motion to quash the Subpoenas are unique, and primarily are questions of law. Most notably, one of Nasdaq's primary legal arguments is that Nasdaq should not be required to comply with the Request under either of the Subpoenas because there is no "action" pending in the Bankruptcy Case. Fed. R. Civ. P. 45(a)(2); Fed. R. Bankr. P. 9016, 9002(1); *In re Patel*, 16-65074-LRC, 2017 WL 377943, at *2 (Bankr. N.D. Ga. Jan. 26,

---

[2] And the mere hypothetical that one or two other recipients of subpoenas from the Trustee could conceivably move to quash subpoenas, on any multitude of grounds that may be similar or dissimilar to those at issue here, when the Trustee does not allege any such dispute is ripe, ought not give rise to exceptional circumstances. This is commonplace for litigation.

2017). The other pending third-party motions to quash subpoenas issued by the Trustee do not raise or mention this legal argument.

Extensive familiarity with the Debtor's bankruptcy – even if it were a legitimate factor in determining exceptional circumstances – is unnecessary for this Court to resolve this legal issue, as there cannot be any dispute that there is no "action" pending in the Debtor's bankruptcy within the meaning provided by Fed. R. Bankr. P. 9002(1) ("action" means "adversary proceeding," "contested petition," "proceeding to vacate an order for relief," or "proceeding to determine any other contested matter").

Likewise, extensive familiarity with Nevada's local bankruptcy rules is unnecessary for this Court to conclude that the Nevada Bankruptcy Rules only permits document requests to be made by subpoena pursuant to Civil Rule 45, not by Bankruptcy Rule 2004 orders. *See* Nevada Rule 2004(c) ("[p]roduction of documents may not be obtained via an order under [Bankruptcy Rule] 2004," but may be "obtained via subpoena as provided by [Civil Rule] 45(a)(1)(C), as adopted by [Bankruptcy Rule] 9016").

    **c. The Bankruptcy Court Has Not Ruled on Substantive Discovery Matters.**

The Trustee asserts that "the Bankruptcy Court previously so-ordered the Trustee's investigation, a Bankruptcy Rule 2004 examination of Nasdaq, and a protective order negotiated by the Trustee and Nasdaq," and argues that "Nasdaq has never challenged those orders in the Bankruptcy, but Nasdaq's filing in this Court is essentially a collateral attack on the Bankruptcy Court's orders." Resp. at p. 1. The Trustee's assertions deserve additional context.

*First*, the Bankruptcy Court granted the Trustee's *ex parte* applications to employ special counsel without notice. The Bankruptcy Court did not order "the Trustee's investigation."

*Second*, the Bankruptcy Court granted the Trustee's *ex parte* applications for Bankruptcy Rule 2004 examinations of Nasdaq and other third-parties without notice. In doing so, the Bankruptcy Court struck the portion of the Trustee's proposed orders regarding document requests *sua sponte*, leaving only examination authority in the order. The Trustee is well-aware that a Bankruptcy Rule 2004 order is not itself a substantive discovery tool, thus the Trustee's need to subsequently issue the Subpoenas pursuant to Civil Rule 45. The Subpoenas issued pursuant to Civil Rule 45 are the substantive discovery tools that Nasdaq is properly challenging "in the district where compliance is required."

*Third*, to facilitate Nasdaq's initial production, Nasdaq agreed to entry of the Trustee's proposed form of protective order in the Bankruptcy Court. Nasdaq was not represented by outside counsel at that point, and still has never appeared in the Debtor's bankruptcy through counsel.

It is also important to clarify that the above-referenced Bankruptcy Court orders were entered by Judge Hilary L. Barnes, before the Debtor's bankruptcy case was reassigned to Judge Gary A. Spraker in September 2025. In the mere two months since reassignment, Judge Spraker has only entered one discovery-related order: an order granting another *ex parte* application by the Trustee to "[e]mploy the law firm of Schneider Wallace Cottrell Kim LLP on an hourly basis on all matters related to the FINRA Motion To Quash filed in Washington, D.C." *See In re Meta Materials* at dkt. 2230-31. The Trustee may apply for, and the Bankruptcy Court will likely grant, similar authority for the Trustee to employ the same law firm on an hourly basis for all matters related to Nasdaq's motion to quash filed in the Southern District of New York.

### d. Nasdaq Has an Interest in Local Resolution of Subpoenas.

Given the nature of its role as a national securities exchange, Nasdaq is a frequent recipient of third-party subpoenas like the one attached, which seeks four years of extensive trading data.

Subpoenas issued to Nasdaq require compliance in the Southern District of New York, and Nasdaq relies on the consistency of the Southern District of New York as the appropriate venue for resolving its subpoena-related disputes. *See, e.g.*, *Kelen v. World Fin. Network Nat. Bank*, 295 F.R.D. 87, 94 (S.D.N.Y. 2013) (acknowledging "the preeminence of the Southern District of New York in handling financial service litigation").

Furthermore, Nasdaq is not a party to the Debtor's bankruptcy, and has not appeared through counsel in the Debtor's bankruptcy. The scale of Nasdaq's business is not an exceptional circumstance. Nasdaq's outside counsel having an office in Nevada is irrelevant. The Trustee already has four law firms acting as special counsel, including counsel licensed to practice in the Southern District of New York that has already appeared in and responded to this action. Transferring venue to the Bankruptcy Court would increase Nasdaq's litigation expenses, whereas resolving Nasdaq's dispute in this Court will not affect the Trustee's litigation expenses. *See, e.g.*, *In re Meta Materials* at dkt. 2231 (authorizing the Trustee to employ the same special counsel for litigation involving another non-party motion to quash subpoenas in the District of Columbia).

### III. Conclusion

For the foregoing reasons, Nasdaq respectfully requests that the Court deny the Trustee's request to transfer venue.

Respectfully submitted,
*/s/ Jacquelyn Schell*
Jacquelyn Schell